{¶ 28} I am fully in accord with Judge Young's analysis. I write separately only to point out that, when it denied Defendant-Appellant any right of visitation with his minor children, the juvenile court exercised the custody jurisdiction conferred on it by R.C. 2151.23(A)(2), and it complied with the command of paragraph (F)(1) of the same section that it exercise that jurisdiction in accord with R.C. 3109.04. Paragraph (F)(1)(h) of that section required the court to take into consideration the criminal offenses involving children of which Defendant-Appellant had been convicted when the court allocates parental rights and responsibilities. Visitation rights are among those. The court, quite properly, denied Defendant-Appellant any visitation rights at all, consistent with his prior offenses involving children, his particular parole restrictions, and his misconduct in obtaining access to his children in violation of the visitation requirements previously imposed on him. The court acted neither unfairly, arbitrarily, or without legal authority, which is the gist of the arguments Defendant-Appellant presents.